UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 35 PENSION AND ANNUITY FUNDS; TRUSTEES OF THE NEW ENGLAND ELECTRICAL WORKERS BENEFITS FUND; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 35 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; CONNECTICUT CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION INC.; and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 35

PLAINTIFFS,

Vs.

RHODE ISLAND SOLAR SOLUTIONS, INC.

DEFENDANT.

Civil Action No.

June 4, 2018

---

## COMPLAINT
### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND)

### PARTIES

1.  Plaintiffs, Trustees of the International Brotherhood of Electrical Workers Local 35 Pension and Annuity Funds; Trustees of the New England Electrical Workers Benefits Fund; Trustees of the International Brotherhood of Electrical Workers Local 35 Joint Apprenticeship and Training Committee; and Trustees of the National Electrical Benefit Fund (hereinafter the "Funds") are Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee

Retirement Income Security Act of 1974, hereinafter "ERISA," 29 U.S.C. Sections 1002(3) and (37). The Funds are employee benefit plans established pursuant to and in accordance with the requirements of Section 302 of the Labor-Management Relations Act of 1947 as amended, 20 U.S.C. Section 186, and are employee benefit plans established and maintained by employers engaged in commerce and by an employee organization representing employees engaged in commerce and in industry and activity affecting commerce within the meaning of 29 U.S.C. Section 1002(1), (2) and (3). The International Brotherhood of Electrical Workers Local 35 Pension and Annuity Funds and the New England Electrical Workers Benefits Fund are administered at Zenith American Solutions, 10 Technology Drive, P.O. Box 5817, Wallingford, Connecticut, 06492. The International Brotherhood of Electrical Workers Local 35 Joint Apprenticeship and Training Committee has a regular place of business at 208 Murphy Road, Hartford, Connecticut 06114. The National Electrical Benefit Fund has a regular place of business at 2400 Research Boulevard, Suite 500, Rockville, MD 20850-3266.

2. Plaintiffs, Trustees of the Funds, are "named fiduciaries" within the meaning of Section 402(a) of ERISA, 29 U.S.C. §1102(a).

3. Plaintiff, Connecticut Chapter of the National Electrical Contractors Association Inc., (hereinafter the "CT Chapter of NECA") is a professional organization established to administer and negotiate Collective Bargaining Agreements with the I.B.E.W. Locals in Connecticut, including the Union. The CT Chapter of NECA is maintained at 144 Webster Square Road, Berlin, CT 06037.

4. Plaintiff, International Brotherhood of Electrical Workers Local Union No. 35 (hereinafter the "Union") is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The Union has a regular place of business at 208 Murphy Road, Hartford, Connecticut 06114.

5. The Defendant, Rhode Island Solar Solutions, Inc., (hereinafter referred to as "RI Solar" or the "Defendant"), is a Massachusetts Company with a principal place of business at 2780 Grand Army of the Republic Highway, Swansea, MA 02777. The Defendant transacts business in the State of Connecticut as a contractor or subcontractor in the electrical industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

## JURISDICTION

6. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement.

## COUNT I
### (Delinquent Contributions under ERISA)

7. The Plaintiffs hereby incorporate by reference Paragraphs 1-6 of the Complaint as fully set herein in Count One.

8. RI Solar is signatory to and has agreed to be bound by all of the terms and conditions of the Collective Bargaining Agreement (hereinafter the "Agreement") with the Union in regard to construction projects located in the jurisdiction of the Union.

9. Said Agreement provides, among other provisions, for RI Solar to pay the Funds certain sums of money for each hour worked by employees of RI Solar covered by the Collective Bargaining Agreement.

10. In addition, said Agreement binds RI Solar to the Funds' Collection Policy, which provides for interest, liquidated damages, reasonable attorney's fees, and sheriff and court costs to be imposed with any contributions that are not timely paid.

11. RI Solar employed certain employees covered under the Agreement throughout the relevant period of November 27, 2017 through February 10, 2018.

12. Based on the Funds' review of the remittance reports filed by RI Solar, the amount of **$159,482.97** is due in contributions to the Plaintiffs for work performed by employees covered under the Agreement for the weeks ending December 2, 2017 through December 23, 2017 and the weeks ending January 13, 2018 through February 10, 2018.

13. RI Solar has failed to timely pay the above amounts due to the Funds.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

14. Pursuant to 29 U.S.C.1132(g)(2) and the Collective Bargaining Agreement, RI Solar is liable to the Plaintiffs for all unpaid contributions, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

## COUNT II
**(Breach of Collective Bargaining Agreement under National Labor Relations Act)**

15. Plaintiffs hereby incorporate by reference Paragraphs 1-14 of Count One.

16. This Court has jurisdiction over this claim pursuant to 29 U.S.C. Section 185(c).

17. The Union and Defendant, RI Solar, are parties to a Collective Bargaining Agreement (hereinafter referred to as "CBA"), a contract within the meaning of 29 U.S.C. Section 185(a).

18. The Defendant, RI Solar, is obligated by the terms of the CBA to pay certain benefit contributions on behalf of its employees who are covered by the CBA.

19. The Defendant, RI Solar, has failed to pay delinquent contributions for the period of November 27, 2017 through February 10, 2018, in the amount of **$159,482.97**. Discovery may prove that RI Solar owes additional contributions.

20. By the above action, the Defendant, RI Solar, has violated the parties' CBA and is liable to the Plaintiffs for the full value of said breach.

WHEREFORE, Plaintiff Funds pray:

A. Ordering RI Solar submit payment for all contribution amounts disclosed as due for the time period of November 27, 2017 through February 10, 2018 in the amount of ***$159,482.97*** to the Plaintiffs.

B. Ordering RI Solar be required to pay interest or liquidated damages on the amount due accrued from the date of the delinquency until the date of payments for the contributions owed for the work performed during the time period of November 27, 2017 through February 10, 2018 to the Plaintiffs.

C. Ordering RI Solar to submit payment for contributions discovered as due, through their weekly reporting or otherwise, during the pendency of the Complaint until the issuance of a Judgment.

D. Ordering RI Solar to pay interest or liquidated damages on the amount due accrued from the date of the delinquency until the date of payments for any contributions that become due or are discovered during the pendency of the Complaint until the issuance of a Judgment.

E. Ordering RI Solar to pay reasonable attorney's fees and costs incurred by the Plaintiffs in connection with this litigation.

F. Such other relief as the Court may deem appropriate.

Dated at East Hartford, Connecticut, this 4th day of June 2018.

ATTORNEY FOR THE PLAINTIFFS,

By: /s/Gregory S. Campora
Gregory S. Campora, Esq. (ct 23775)
ROBERT M. CHEVERIE & ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele. # (860) 290-9610
Email: gcampora@cheverielaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. Section 1132(h), this 4th day of June 2018.

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD 21201
Attn:  **Employee Plans**

Secretary of Labor
DEPARTMENT OF LABOR
200 Constitution Avenue, N.W.
Washington, D.C.  20210
Attn:  **Assistant Solicitor for**
       **Plan Benefits Security**

By: __/s/Gregory S. Campora__
Gregory S. Campora, Esq. (ct 23775)
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele. # (860) 290-9610
Email: gcampora@cheverielaw.com